UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROBERT DAVID DILLION,      )
                           )
    Plaintiff,             )
                           )
v.                         )   No. 2:15 CV 405
                           )
LAKE COUNTY JAIL,          )
                           )
    Defendant.             )

## OPINION AND ORDER

Robert David Dillion, a *pro se* prisoner, filed a complaint alleging that he is not receiving proper medical treatment for his broken arm at the Lake County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

The only defendant named in the complaint is the Lake County Jail. However, the jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore this complaint does not state a claim.

Dillion does not name who at the jail knows that he needs medical treatment and is refusing to provide it to him. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). "[P]ublic employees are

responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

There is no indication that Dillion does not know who is denying him medical treatment. Rather, it appears that he simply did not know that in a § 1983 lawsuit, he needed to name that person in his/her individual capacity. Therefore he will be permitted to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Robert David Dillion with one summons and one USM-285 form;

(2) **GRANTS** Robert David Dillion until December 3, 2015, to file an amended complaint; and

(3) **CAUTIONS** Robert David Dillion that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: November 2, 2015

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT