UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ROBERT DAVID DILLION, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15 CV 405 |
| | ) | |
| SHERIFF JOHN BUNCICH, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Robert David Dillion, a *pro se* prisoner at the Lake County Jail, filed an amended complaint alleging that he received inadequate medical treatment for his arm. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The only defendant named by Dillion is Sheriff John Buncich who is alleged to be the supervisory official in charge of the jail. Dillion does not allege, and it would not be plausible to infer, that the Sheriff had any personal involvement with his medical care. As the court explained to him in its previous order (DE 4), "[a] plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir.

2007). That is to say, a supervisor is not responsible in a federal civil rights lawsuit for the actions or omissions of his employees. Because there is no indication that Sheriff John Buncich was personally responsible, Dillion has not stated a claim against him.

Nevertheless, there is no indication that Dillion does not know who denied him medical treatment. Who was it at the jail who personally knew about his broken arm and refused to permit him to receive medical treatment? Who at the jail does he believe should have scheduled him for a return visit to the doctor? What medical treatment did he receive at the jail after he returned from the hospital? Did he receive any medication? If so, from whom, when, how often? Was he examined by any medical staff at the jail? Did he ask to see a doctor? For any defendant Dillion names, he needs to explain what that person knew about his broken arm and what that person did to prevent him from receiving medical treatment.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Robert David Dillion with one summons and one USM-285 form;

(2) **GRANTS** Robert David Dillion until January 6, 2015, to file an amended complaint; and

(3) **CAUTIONS** Robert David Dillion that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim.

**SO ORDERED.**

Date: November 20, 2015

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT