UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT DAVID DILLION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15 CV 405 |
| | ) |
| DR. ERSMAN, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Robert David Dillion, a prisoner at the Lake County Jail, filed a vague amended complaint alleging that he received inadequate medical treatment for his arm. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Thus, it must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Dillion explains that on October 2, 2015, he fell from his bunk and broke his arm. He states that he was immediately taken to the hospital and treated. The next day, the head doctor at the Lake County Jail, Dr. Ersman, saw him, prescribed him pain medication, and told him that he would see him soon. Dr. Ersman is the only defendant named in this complaint. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from

2

accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted).

Dillion only saw Dr. Ersman one time. Dillion says that he has tried to see him again, but he does not say what he did. Who did he speak to? What request forms did he fill out? Who did he give them to? What responses did he get back? Dillion speculates that Dr. Ersman has denied him pain medication. But he has not provided a factual basis for why he believes that Dr. Ersman knows that he is in pain. Dillion speculates that Dr. Ersman has allowed him to see an outside specialist only two times since he went to the hospital. But he has not provided a factual basis for why he believes that Dr. Ersman has been involved in his treatment since October 3, 2015. Who is scheduling Dillion's visits to the outside doctor? Has he seen another doctor at the jail? Has he seen nurses? What has he told them? What treatment has he received? Dillion states that his outside specialist wanted to see him more frequently. Did that specialist communicate his concerns to Dr. Ersman? Did Dr. Ersman respond? Mere speculation is insufficient to state a claim. Dillion must present facts from which it can be reasonably inferred that Dr. Ersman violated his rights and is financially liable to him.

This complaint does not state a claim. Nevertheless, because so many questions remain unanswered, it is possible that Dillion has omitted relevant facts. Therefore, he will be permitted to file an amended complaint if he has additional factual information

to provide. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, if he files one, Dillion needs to set forth every claim that he is trying to bring in this case. He needs to provide all the relevant facts. He needs to address the questions raised in this order. Alternatively, if he has no additional claims or relevant facts to submit for consideration, he need not respond, but the complaint will then be subject to dismissal for failure to state a claim.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Robert David Dillion;

(2) **GRANTS** Robert David Dillion until March 30, 2016, to file an amended complaint; and

(3) **CAUTIONS** Robert David Dillion that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

**SO ORDERED.**

Date: February 22, 2016

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT